FILED 27 APR '11 15:58 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PORTLAND FRUIT COMPANY, INC., | CV No. 3:11-CV-511-MO |
| Plaintiff, | TEMPORARY RESTRAINING ORDER |
| v. | |
| FRESHCO FOODSERVICE, INC., a/k/a PORTLAND PRODUCE CO., INC., and CHRISTOPHER E. KATHRENS, individually, | |
| Defendants. | |

Plaintiff's Application for the issuance of a Temporary Restraining Order under Federal Rule of Civil Procedure 65(b) (the "Application") came before this Honorable Court and the undersigned on the date set forth below. This Honorable Court considered the Application, the Affidavit of Ron Morrow and all related moving papers. The Plaintiff's Affidavit demonstrates the defendants, defendants, Freshco Foodservice, Inc. a/k/a Portland Produce Co., Inc. (the "Company") and Christopher E. Kathrens, individually, (the "Principal")(the Principal and the Company are collectively referred to herein as the "Defendants") purchased perishable

agricultural commodities ("Produce") in interstate commerce and, thereafter, failed to pay the Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a-499t (the "PACA").

These same pleadings and supporting documents establish that the Defendants have either dissipated the PACA trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, Affidavit and other submissions the Plaintiff filed in this matter, it appears to this Honorable Court that the Plaintiff will suffer immediate and irreparable injury due to the Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. This Honorable Court is of the opinion that a Temporary Restraining Order should be issued without further notice thereof due to the threat of further dissipation that such notice might allow.

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants, Freshco Foodservice, Inc. a/k/a Portland Produce Co., Inc. and Christopher E. Kathrens, individually, and their respective agents, attorneys, officers, assigns, and any of their banking or financial institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons or entities, via writ of execution or otherwise, until further Order of this Court and after such time as the Defendants pay no less than $104,447.62, plus further interest, costs and attorneys' fees into the Registry of this Honorable Court for the benefit of the Plaintiff and other potential PACA trust beneficiaries.

2. Pending further order of this Court, or until, such time as Defendants deposit at least $104,447.62, plus further interest, costs and attorneys' fees into the Registry of this Honorable Court, no banking institution holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants.

3.  Within three (3) business days of the entry of this Order, the Defendants must account to this Court and the Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory, real estate and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4.  The Defendants, their agents, employees, successors, banking institutions, attorneys and all persons in active concert and participation with Defendants shall immediately turn over to the registry of this Court all assets impressed with the PACA trust.

5.  This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or some other equally verifiable means of service. In this regard, within three (3) business days of the entry of this Order, the Defendants shall serve a copy of this Order on all financial institutions or third parties with which any of the Defendants does any business, may do any business with or who may be holding any PACA trust assets for or on behalf of any of the Defendants.

6.  Because Defendants already possess $104,447.62 of PACA trust assets which are the Plaintiff's property, the bond in this matter is hereby set at $0.00.

7.  A Preliminary Injunction Hearing is hereby set for May __4__, 2011 at __3:00__ P.M. in Courtroom __16__ of the United States District Court, District of Oregon, in Portland, Oregon.

8. Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on all Defendants including their respective counsel, if known.

IT IS SO ORDERED this 27 day of April, 2011.

_____
Honorable Michael Mossman

SUBMITTED BY:

Teresa H. Pearson, P.C.
OSB No. 953750
E-mail: teresa.pearson@millernash.com
Telephone: (503) 224-5858
Facsimile: (503) 224-0155

Jason R. Klinowski, Esq.
Illinois Bar No. 6283266
E-mail: klinowski@pacatrust.com
 (Application for Pro Hac Vice Forthcoming)
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Telephone: (847) 934-6500
Facsimile: (847) 934-6508